STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                   Docket No. 51-6-16 Vtec

| Chippers, Inc. Conditional Use Appeal |

## ENTRY REGARDING MOTION

Count 1, Municipal ZBA Conditional Use (51-6-16 Vtec)

Title:            Motion for Contempt (Motion 3)

Filer:            Hudson Holland, Margaret Holland and Brian Alderfer

Attorney:         Peter K. Vollers

Filed Date:       September 16, 2016

Response in Opposition filed on 09/22/2016 by Atty. Paul S. Gillies for Appellant Chippers, Inc.

### Decision on Motion to Enjoin and to Hold Appellants in Contempt

This is an appeal from the decision of the Town of Pomfret Zoning Board of Adjustment ("ZBA") denying a conditional use application for storage of logs on a property in Pomfret, Vermont. The matter is now before the Court on Interested Persons Hudson and Margaret Holland and Brian Alderfer's ("the Interested Persons") "Motion to Enjoin Appellant's Violation of the Court's Order and to Hold Appellant in Contempt," filed on September 16, 2016. Chippers filed a response on September 22, 2016, and the Interested Persons filed a reply on October 4, 2016. The Town of Pomfret ("the Town") has not filed any pleadings related to the present motion.

Chippers is represented by attorneys Paul S. Gillies, Stephen F. Coteus, and Ryan P. Kane. Interested Persons are represented by attorney Peter K. Vollers. The Town is represented by attorney Amanda S.E. Lafferty.

In a previous motion, filed June 29, 2016, Chippers asked the Court to grant a stay of the ZBA's denial of its conditional use permit application. We held a hearing on that motion on August 8, 2016. At the hearing, Atty. Gillies explained that there had been no enforcement action against Chippers, and that the motion to stay was prophylactic in nature to ensure that Chippers' business activities would not be interrupted. Because there had been no directive from the Town, either in the zoning administrator's decision, the ZBA decision, or in a separate enforcement action, instructing Chippers to cease its activities, the Court determined that there was nothing to be stayed. The Court therefore decided to deny the motion. In doing so, the Court explained that this denial would not foreclose Chippers from filing a new motion to stay if

in the future the Town were to initiate an enforcement action or otherwise direct Chippers to cease operations.  We issued an Entry Order to this effect on August 9, 2016.

In the present motion, the Interested Persons argue that Chippers is in violation of our August 9, 2016 Entry Order by continuing to operate its business.  The Interested Persons ask us to enjoin Chippers from continuing its activities on the subject property, and to hold Chippers in contempt for violating our August 9, 2016 Entry Order.

As we explained in the August 8, 2016 hearing, we denied Chippers' motion to stay because there is nothing from the Town directing Chippers to cease activity, or prohibiting any activity, before us.  The zoning decision on Chippers' conditional use application that is before us does not include any enforcement action, nor has any enforcement action been filed in this Court under either 24 V.S.A. § 4470(b) or 24 V.S.A. §§ 4451–52.

According to Chippers, after we issued our August 9, 2016 decision the Town did initiate an enforcement action, in the form of a Notice of Violation ("NOV") issued by the zoning administrator.  That NOV was first appealed to the ZBA, and an appeal of that ZBA determination has just recently been filed with this Court.  See In re Chippers, Inc. NOV Appeal, No. 162-12-16 Vtec (filed Dec. 5, 2016).  We anticipate scheduling the initial conference in the NOV Appeal within the next month.  See also In re Fennessey's 20 West Main St., LLC, Nos. 14-1-10 Vtec, 154-9-10 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. Aug. 19, 2011) (Wright, J.) (explaining process by which an action to cure a zoning violation, including by injunction, may come before the Environmental Division).  In addition, because we have not issued any injunction against Chippers, we cannot hold Chippers in contempt for violating a non-existent injunction.  For these reasons, the pending motion is **Denied**.

**So ordered.**

Electronically signed on December 19, 2016 Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Paul S. Gillies (ERN 3786), Stephen F. Coteus (ERN 8050), and Ryan P. Kane (ERN 6705),
    Attorneys for Appellant Chippers, Inc.

Peter K. Vollers (ERN 4890), Attorney for Interested Persons Hudson Holland, Margaret Holland
    and Brian Alderfer

Amanda S. E Lafferty (ERN 5113), Attorney for Interested Person Town of Pomfret

For Informational Purposes Only Michael Reese